UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID HOLLIS,

        Plaintiff,

vs.                                    Case No. 2:05-cv-464-FtM-29DNF

MATHEW FEENEY,

        Defendant.
_____/

## OPINION AND ORDER

This matter comes before the Court on sua sponte on review of the Complaint (Doc. #1) for jurisdiction. Federal courts are courts of limited jurisdiction, and the court is required to inquire into its jurisdiction at the earliest possible point in the proceeding. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). Jurisdiction may be established where the amount in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different States. 28 U.S.C. § 1332(a)(1). This Court also has original jurisdiction over cases arising under the U.S. Constitution and other federal laws. 28 U.S.C. § 1331. The Court may sua sponte dismiss a case for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3). See Jefferson Fourteenth Assocs. v. Wometco De Puerto Rico, Inc., 695 F.2d 524, 526 (11th Cir. 1983); California Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974).

Plaintiff alleges that defendant, the director of public services and an employee of the city of Fort Myers Beach, committed an offense under Fla. Stat. § 839.25(x).  The only factual basis provided is that defendant committed an act as a public servant with "corrupt intent to obtain a benefit for himself or another;" that he caused unlawful harm to another by knowingly falsifying official records; and provided law enforcement with false and misleading information.  Section 839.25 was repealed as of October 1, 2003, and therefore is no longer good law.  Additionally, the statues is a criminal statute which allowed, prior to 2003, prosecution by the State Attorney's Office only.  Therefore, the Court finds that the Complaint fails to allege a cause of action and must be dismissed.

As plaintiff is proceeding <u>pro</u> <u>se</u>, the Court will take this opportunity to explain some of the responsibilities and obligations that he bears as a pro se party.  The Court finds that plaintiff should be afforded an opportunity to amend the complaint to properly allege his claims and in doing so plaintiff should adhere to the following instructions.

In filing an Amended Complaint, plaintiff must conform to the pleading requirements of Fed. R. Civ. P. 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs.  The document should be entitled "Amended Complaint."  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been

violated.    It   is   improper   for   Plaintiff   to   merely   list constitutional rights or federal rights and/or statutes. Plaintiff must provide support in the statement of facts for the claimed violations.   Further,   in   the   body   of   the   Amended   Complaint Plaintiff should clearly describe how each named defendant is involved in the alleged claim.  Plaintiff must provide support in the statement of facts for the claimed violations.   More than conclusory and vague allegations are required to state a cause of action.  Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint.

Accordingly, it is now

**ORDERED**:

1.   The Complaint (Doc. #1) is **DISMISSED** without prejudice with leave to amend the Complaint.

2.   The  Affidavit  of  Indigency  (Doc.  #2)  is  **taken under advisement** pending review of an Amended Complaint.

3.  Plaintiff may file an Amended Complaint within **TWENTY (20) DAYS** of the date of this Opinion and Order in compliance with the instructions in this Opinion and Order.  If no Amended Complaint is filed, the Court will close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of October, 2005.

JOHN E. STEELE
United States District Judge

-3-

Copies:
U.S. Magistrate Judge
Counsel of record